FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APRIL H.,[1]<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | No.　1:25-cv-3226-EFS<br><br><br>**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR MORE PROCEEDINGS** |

Plaintiff April H. and the Commissioner of Social Security agree that the Administrative Law Judge's (ALJ) denial of disability benefits should be remanded based on consequential errors, but they disagree

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." See LCivR 5.2(c).

DISPOSITIVE ORDER - 1

as to whether the decision should be remanded for further proceedings or for an award of benefits. As is explained below, essential issues remain for the ALJ to resolve based on conflicts in the evidence, so this matter is remanded for further proceedings.

## I.    Background

Plaintiff filed her Title 2 and 16 applications for benefits in 2018, alleging disability beginning January 1, 2016, due to several physical and mental impairments.[2] An ALJ issued an unfavorable decision, which, on appeal to district court, the parties stipulated to remand for further proceedings in November 2021.[3] On remand, a different ALJ issued an unfavorable decision, which the court remanded on appeal in July 2024 for further proceedings based on consequential errors in the ALJ's evaluation of the mental health medical opinions.[4]

After conducting further proceedings following the second remand in Plaintiff's case, a different ALJ, Malcolm Ross, issued an

---

[2] Administrative Record (AR) 190–97.

[3] AR 12–28, 1158–61. *See* E.D. Wash. Case No. 1:20-cv-3239-MKD.

[4] AR 1057–75, 2483–503. *See* E.D. Wash. Case No. 1:24-cv-3018-EFS.

DISPOSITIVE ORDER - 2

unfavorable decision in October 2025.[5] At step two of the five-step sequential evaluation, the ALJ found that Plaintiff had the severe impairments of obesity, polycystic ovarian syndrome, depressive disorder, posttraumatic stress disorder, and social phobia.[6] The ALJ acknowledged the record evidence of headaches and other physical impairments, but found those impairments non-severe.[7]

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work with certain physical and mental limitations.[8] In explaining the RFC finding, the ALJ reasoned that Plaintiff's alleged symptoms were inconsistent with the medical evidence and other evidence.[9] The ALJ discounted the severity of Plaintiff's alleged mental health symptoms based on the ALJ's

---

[5] AR 2398–415. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[6] AR 2404.

[7] AR 2404.

[8] AR 2406.

[9] AR 2407.

DISPOSITIVE ORDER - 3

findings that providers made normal mental health observations, Plaintiff's mental health improved with treatment, and she engaged in a variety of daily activities.[10] The ALJ also explained his RFC finding based on the medical opinions, finding, as relevant, the reviewing opinions of Lisa Hacker, PhD, and John Gilbert, PhD, persuasive; examining opinions of R.A. Cline, PsyD, and Tasmyn Bowes, PsyD, partly persuasive; and the treating opinions of Candy Joachims, LMHC, Aubrie Duke, PhD, and Cara Kline, LMHC, not persuasive.[11] Considering Plaintiff's RFC, age, education, and work history, the ALJ found that Plaintiff could perform work that existed in significant numbers in the national economy, such as housekeeping-cleaner, routing clerk, and office helper.[12]

---

[10] AR  2407–08.

[11] AR 2410–12.

[12] AR 2413–14. *See* AR 2444–47 (vocational expert testifying that a hypothetical individual of Plaintiff's age, education, and work history, with RFC as found in ALJ's decision, could perform those three jobs).

DISPOSITIVE ORDER - 4

Plaintiff did not file written exceptions to the ALJ's decision with the Appeals Council and the Appeals Council did not assume jurisdiction on its own, so the ALJ's decision became the Commissioner's final decision.[13] Plaintiff now appeals to district court.[14]

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[15] and such error impacted the nondisability determination.[16] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such

---

[13] *See* AR 2398–400; 20 C.F.R. §§ 404.984, 416.1484.

[14] ECF No. 1.

[15] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[16] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

DISPOSITIVE ORDER - 5

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17]

## III.  Analysis

Plaintiff argues the ALJ erred by not providing specific, clear, and convincing reasons to discount her allegations of the severity of her mental health symptoms; not properly assessing the psychological medical opinions; and not sufficiently considering the evidence of her headaches. She contends that the first error requires remand for an award of benefits because her improperly rejected testimony must be credited as a matter of law. She contends that the second error requires

---

[17] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

DISPOSITIVE ORDER - 6

remand for an award of benefits because the record has been fully developed, the ALJ did not give legally sufficient reasons to reject the challenged medical opinions, and those opinions compel a finding of disability. She contends that the third error would, at minimum, require remand for the ALJ to properly assess the headaches evidence, but, combined with the other errors, supports remand for an award of benefits.

The Commissioner agrees that the ALJ reversibly erred but disagrees as to the appropriate remedy. The Commissioner contends that this Court should remand this case for further administrative proceedings to resolve outstanding evidentiary conflicts, reevaluate Plaintiff's headaches, reevaluate the medical evidence, reevaluate the subjective allegations, reevaluate the RFC, further develop the record, and issue a new decision. The Commissioner asserts that remand for an award of benefits is improper because the ALJ must resolve conflicts among the medical evidence, the substance and credibility of Plaintiff's testimony, and the medical opinions.

DISPOSITIVE ORDER - 7

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[18] However, in "rare circumstances where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed," the court may remand for an award of benefits.[19] The Ninth Circuit has distilled the "credit-as-true" rule, where remand for an award of benefit is appropriate, into three steps.[20] First, the court asks "whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion."[21] Second, if the ALJ erred, the court determines "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative

---

[18] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

[19] *Id.* at 1100 (citation modified).

[20] *Id.*

[21] *Id.* at 1100–01 (citation modified).

DISPOSITIVE ORDER - 8

proceedings would be useful."[22] Third, if no issues remain and further proceedings would not be useful, then the court will find "the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding."[23] When these three elements are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[24]

Here, the second element is not met. Further administrative proceedings are "generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time."[25] "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of

[22] *Id.* at 1101 (citation modified).

[23] *Id.* (citation modified).

[24] *Id.* at 1100 (citation modified).

[25] *Id.* at 1101 (citation modified).

DISPOSITIVE ORDER - 9

benefits is inappropriate."[26] The ALJ must resolve, at minimum, the following essential issues before disability may be determined on this remand:

1. Whether Plaintiff's sometimes normal presentation to treating providers is inconsistent with the alleged severity of her mental health symptoms in the context of her ability to sustain full-time work considering the episodic, waxing-and-waning nature of her mental health impairments and the controlled, clinical setting in which the providers' observations were made.[27]

---

[26] *Id.*

[27] The ALJ did not discuss this issue. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (Mental health observations must be "interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.").

DISPOSITIVE ORDER - 10

2. Whether the record as a whole supports improvement of mental health symptoms with treatment such that Plaintiff would be capable of full-time employment.[28]

---

[28] The ALJ cited only two isolated reports of marginal improvement. *See* AR 2408. Especially for mental health impairments, where "[c]ycles of improvement and debilitating symptoms are a common occurrence," the ALJ must not "pick out a few isolated instances of improvement over a period of months or years" and "treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (finding error where, "while recognizing that Taylor's physical symptoms 'may wax and wane,' the ALJ held against Taylor two instances where he was able to function, even though his alleged disability involves [physical symptoms] that come and go").

DISPOSITIVE ORDER - 11

3. Whether Plaintiff's activities of daily living are specifically relevant to her abilities at work to understand, remember, and carry out instructions; maintain pace without interruption from psychological symptoms; not require work-preclusive breaks or absences; and work around or interact with others.[29]

4. Whether, even if not a severe medically determinable impairment, Plaintiff's headaches cause RFC limitations based on her headache symptom reports and the medical evidence.[30]

---

[29] The ALJ acknowledged that daily activities are generally more flexible and varied than work activities without logically connecting specific activities to any specific part of the mental RFC. *See* AR 2408; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("[T]he ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting.").

[30] The ALJ did not explain whether the subjective reports or treatment records of headaches supported RFC limitations. *See* 20 C.F.R. §§ 404.1545(a)(1)–(3), 416.945(a)(1)–(3).

DISPOSITIVE ORDER - 12

The Court makes this finding that further proceedings are necessary reluctantly because it results in the third remand in this case. Courts must avoid creating "an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."[31] But neither the first remand, based upon the parties' stipulation, nor the second remand, based upon the erroneous evaluation of the mental health medical opinions, identified the outstanding issues the Court identified above. The Court is hopeful that such specific instructions will aid the ALJ in making a complete decision that follows all correct legal standards and is supported by substantial evidence. If this third remand results in an appealed non-disability determination that does not address all the specified remaining issues, such may reflect that further administrative proceedings are not useful.

## IV. Conclusion

As the parties agree, the ALJ erred. The Court finds that remand for reevaluation is the appropriate remedy. The ALJ is to develop the record and reevaluate—with meaningful articulation and evidentiary

---

[31] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

DISPOSITIVE ORDER - 13

support—the sequential process. On remand, the ALJ's RFC analysis must, at minimum, address the essential remaining issues identified herein. For clarity, the Court repeats that those issues are:

1. Whether Plaintiff's sometimes normal presentation to treating providers is inconsistent with the alleged severity of her mental health symptoms in the context of her ability to sustain full-time work considering the episodic, waxing-and-waning nature of her mental health impairments and the controlled, clinical setting in which the providers' observations were made.

2. Whether the record as a whole supports improvement of mental health symptoms with treatment such that Plaintiff would be capable of full-time employment.

3. Whether Plaintiff's activities of daily living are specifically relevant to her abilities at work to understand, remember, and carry out instructions; maintain pace without interruption from psychological symptoms; not require work-preclusive breaks or absences; and work around or interact with others.

DISPOSITIVE ORDER - 14

4. Whether, even if not a severe medically determinable impairment, Plaintiff's headaches cause RFC limitations based on her headache symptom reports and the medical evidence.

When engaging in the five-step disability evaluation on remand, the ALJ must meaningfully articulate the supportability and consistency of each medical opinion. If the ALJ discounts a medical opinion based on a perceived inconsistency with the evidence, the ALJ should include sufficient explanation and citations to show that an inconsistency truly exists and why the inconsistency tends to undermine the medical opinion in question. Similarly, if the ALJ discounts Plaintiff's reported symptoms, the ALJ must articulate clear and convincing reasons for discounting the identified symptoms and cite the evidence that undermines the symptoms. The ALJ must ensure that the examples he relies on fairly represent the record as a whole. Finally, the ALJ must offer Plaintiff the opportunity for a new hearing and update the record as necessary.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social**

DISPOSITIVE ORDER - 15

**Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 11 and 14**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 16th day of June 2026.

_____
EDWARD F. SHEA
Senior United States District Judge

DISPOSITIVE ORDER - 16